**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK P. GUTIERREZ; CARLOS GUTIERREZ, Plaintiffs - Appellants, v. COUNTY OF LOS ANGELES; LEROY D. BACA, erroneously sued as Leroy D. Bacca; TODD ROGERS, erroneously sued as Todd Rodgers, in his individual and personal capacity; FRANK LOBATO, in his individual and personal capacity; RUBEN ALVAREZ, in his individual and personal capacity; ELIZABETH RAMOS, in her individual and personal capacity; STEVE HARDY; MARCIE GRIFFIN, in her individual and personal capacity; DANNY VERGARA, in his individual and personal capacity; ANNIE CHU, in her individual and personal capacity; JACOB APPELSMITH, erroneously sued as Jacob Applesmith; JOSE JARA, in his individual and personal capacity; RICK HENRY, in his individual and personal capacity; NOE ZAVALA, in his individual and personal capacity; ARTURO MELANO CORTEZ, in his individual and | No. 12-55437 D.C. No. 2:10-cv-07627-JAK-CW MEMORANDUM[*] |

_____

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

personal capacity,

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted November 7, 2013[**]
Pasadena, California

Before: McKEOWN, GOULD, and BYBEE, Circuit Judges.

Plaintiffs Frank and Carlos Gutierrez, owners of Lupita's Family Restaurant in Carson, California, appeal from the district court's order denying partial summary judgment for Plaintiffs, and granting summary judgment in favor of officers in the Los Angeles County Sheriff's Department ("County"), officials of California's Department of Alcoholic Beverage Control ("ABC"), and the alleged owners of a competing restaurant, Jose Jara and Arturo Melano Cortez, in Plaintiffs' 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Plaintiffs claim that County officers and ABC officials violated Section 1983 by: (1) wrongfully arresting and prosecuting Plaintiffs in retaliation for

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiffs' initiation of ABC proceedings against a competing restaurant, which Plaintiffs claim violated their First Amendment rights to free speech and petition; (2) not investigating Plaintiffs' allegations of ABC violations against the competing restaurant's alleged owners because of an alleged "cozy relationship" between the County, ABC, and the competing restaurant's ownership, which Plaintiffs claim violated due process under the Fifth and Fourteenth Amendments; and (3) maliciously prosecuting Plaintiffs without probable cause, which Plaintiffs claim violated due process under the Fifth and Fourteenth Amendments. Plaintiffs further allege claims against Cortez and Jara, including aiding and abetting violations of 42 U.S.C. § 1983, malicious prosecution under state law, and negligence.

The district court permitted amendment of Plaintiffs' claims several times before finally dismissing them with prejudice on summary judgment. The district court concluded, in granting summary judgment in favor of Defendants, that all of Plaintiffs' claims suffered from a lack of proof. We affirm substantially for the reasons stated by the district court. A plaintiff may not prevail at summary judgment merely on allegations without specific evidence contradicting that of the defendants, and it is the burden of the plaintiff to show the validity of claims supported by evidence once defendants make a properly supported motion for

summary judgment. *See Angle v. Miller*, 673 F.3d 1122, 1134 n.6 (9th Cir. 2012);

*see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citing Fed. R.

Civ. P. 56(e)).[1]

**AFFIRMED**.

---

[1] We grant Defendants' motions to strike and deny Plaintiffs' request for judicial notice.